IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONIDES QUINONES, JR. # 1892457, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:19-CV-02800-M (BH) |
| | ) | |
| LORIE DAVIS, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions | ) | |
| Division, | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS AND RECOMMENDATION

Based on the relevant filings and applicable law, the *pro se* prisoner plaintiff's complaint

should be **DISMISSED** with prejudice.

I. BACKGROUND

Leonides Quinones, Jr. (Plaintiff), a prisoner currently incarcerated in the Texas Department

of Criminal Justice - Correctional Institutions Division (TDCJ-CID), sues the former Director of

TDCJ-CID in her official capacity under 42 U.S.C. § 1983. (*See* doc. 3; doc. 11 at 2.)[2]

Plaintiff initially filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on July

16, 2019, challenging his 2013 conviction for murder and 45-year sentence in Cause Number F-

1252873-N in the 195th Judicial District in Dallas, Texas. *See Quinones v. Davis*, No. 3:19-CV-

1697-M-BH (N.D. Tex.), doc. 2. His petition appeared to also assert non-habeas civil claims that

did not specifically challenge his custody. (*See id.*, doc. 2 at 6-7, doc. 10 at 3.) His habeas claims

were ultimately dismissed for failure to exhaust habeas state court remedies on November 1, 2019,

---

[1]By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

and he was instructed to file a separate civil action to the extent he wished to pursue any non-habeas

civil claims. (*See id.,* doc. 10 at 3; docs. 13-14.) Plaintiff subsequently filed this civil action, which

was opened on November 19, 2019. (*See id.*, doc. 17; *see also* doc. 3.)[3]

In its entirety, Plaintiff's complaint states:

1. The conversation was concerning the money he owe me [sic].

2. This took place at his apartment,

3. 2012, on or about the last week of February,

4. Myself, and Robert Blackwell and Sanchez

5. Blackwell, help me out with carrying the TV set to Sanchez [sic] house

6. Sanchez allowed me to hide the stolen articles in his house.

(doc. 3 at 4.) In response to a questionnaire, Plaintiff specifically stated that he is asserting a cause

of action under "Sec 6.02, Requirement of Culpability"of the Texas Penal Code. (doc. 11 at 2.) The

first page of his response also contains the notation, "violation with Amendments 5, 6, 7." (*Id.* at

1.) He challenges his conviction and seeks a reduction of his forty-five year sentence and to be

returned to the courts so that he can be tried "for the lesser charge to be homicide [sic]." (doc. 3 at

4; doc. 11 at 5-6.) No process has been issued.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma paueris*. As a prisoner

seeking redress from an officer or employee of a governmental entity, his complaint is subject to

preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir.

1998) (per curium). Because he is proceeding *in forma pauperis*, his complaint his also subject to

---

[3]The Director of TDCJ-CID is now Bobby Lumpkin.

screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915(A)(b) provide for *sua sponte*

dismissal of the complaint, or of any part of it, if the Court finds it is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an

indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may

be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).

### III.  42 U.S.C. § 1983

Plaintiff sues under the defendant under 42 U.S.C. § 1983. That statute "provides for a

federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or

immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512

U.S. 107, 132 (1994). To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been

deprived of a right secured by the Constitution and the laws of the United States; and (2) the

deprivation occurred under color of state law.  *See Flagg Bros., Inc v. Brooks*, 436 U.S. 149, 155

(1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.      **Eleventh Amendment Immunity**

Plaintiff's questionnaire response clarifies that he is suing the defendant in her official

capacity only.  (*See* doc. 11 at 1.)[4]

---

[4]Plaintiff's answers to the magistrate judge's questionnaire constitute an amendment to his complaint. *See Marcias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's official capacity suit against the Director of TDCJ-CID is a suit against the state of Texas.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Eleventh Amendment bars Plaintiff's suit against the Director of TDCJ-CID in his official capacity, and it may be dismissed on that basis. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996); *see also Kopatz v. McMullen*, No. 1:17-CV-171, 2020 WL 1275790, at *3 (E.D. Tex. March 17, 2020) ("Defendant [Lorie] Davis is entitled to Eleventh Amendment immunity to the extent plaintiff sues her in her official capacity.").

**B.     Habeas Relief**

As made clear by his 37-page response to the questionnaire, Plaintiff challenges his state

conviction, seeking a reduction in his 45-year sentence and to be returned "back to the courts, so [he] can be tried for the lesser charge of homicide." (doc. 11 at 5-6, 12-36.)

Where a party seeks relief in federal court from the duration of confinement, the claim "is cognizable only in federal habeas corpus." *See Preiser v. Rodriguez,* 411 U.S. 475, 499 n. 14 (1973). A prisoner cannot challenge the fact or duration of confinement in a civil rights action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser*, 411 U.S. at 487). Because the only relief Plaintiff seeks is a sentence reduction or a return to court to be retried on a lesser charge, his claim is simply not cognizable outside of a federal habeas corpus action, and this action is also subject to dismissal on this basis.[5]

## IV. RECOMMENDATION

Plaintiff's claims should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[6]

**SO RECOMMENDED** on this 1st day of February, 2021.



IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5]To the extent that the notation on the first page of Plaintiff's response to the questionnaire, "violation with Amendments 5, 6, 7" is intended to allege violations of his rights under the Fifth, Sixth and Seventh Amendments to the U.S. Constitution, his mere reference to those amendments fails to state a claim that is plausible on its face.

[6]Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

        A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


        IRMA CARRILLO RAMIREZ
        UNITED STATES MAGISTRATE JUDGE